UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| GENEVA MCKEE BAUER,<br><br>*Plaintiff*,<br><br>v.<br><br>BEST BUY STORE, L.P. and<br>BEST BUY CO., INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§ CASE NO. 1:19-CV-206<br>§<br>§ JUDGE THAD HEARTFIELD<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING REPORT AND GRANTING SUMMARY JUDGMENT**

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. On September 16, 2020, the magistrate judge issued his Report and Recommendation, recommending that the District Court grant Defendants' Motion for Summary Judgment on Plaintiff's negligence claims based on negligent activity and premises liability. *See Report and Recommendation* (ECF No. 16). On September 29, 2020, Plaintiff filed her objections to the Report. *Plaintiff's Objections to Report and Recommendation* (ECF No. 17).

In accordance with 28 United States Code § 636(b), the Court conducted a *de novo* review of the magistrate judge's findings, the record, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings and recommendations should be accepted.

Plaintiff only objects to the findings related to her premises liability claim. First, Plaintiff objects that the display table did not pose an unreasonable risk of harm. Second, Plaintiff objects to the finding that Defendants were not on constructive notice of the unreasonably dangerous condition. Third, Plaintiff objects to the finding that the display table was open and obvious.

1

Plaintiff states a "reasonably prudent person could look at the obvious damage to the display and conclude that multiple objects, including Plaintiff's foot, have struck this area of the display over a sufficient period of time as to put the Defendant on notice of [the unreasonable risk of harm]." *Plaintiff's Objections to Report and Recommendation*, at 2 (ECF No. 17). Thus, "[a]t the very least, Plaintiff's testimony combined with the pictures taken on the day of the fall and common sense, are much more than a scintilla of evidence with respect to the unreasonably dangerous nature of the table and the risk it poses to invitees at Defendant's retail location." *Id.*

The Court disagrees. Plaintiff points to no case law, instead she argues, it is "common sense." However, true common sense reveals that landowners would never be able to win at the summary judgment stage if this were a Plaintiff's threshold. Plaintiff has provided no evidence showing the display table was struck by "multiple objects." As discussed by Judge Giblin, the scuff marks could have occurred before installation. Plaintiff's allegations are mere speculation and guesswork on her part and not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). Plaintiff's objection is overruled.

The Court agrees that Plaintiff has failed to produce evidence showing that Defendants had constructive knowledge of the alleged dangerous condition. Plaintiff states "that she visited the location of the incident *several months later* and did not note any changes to the layout of the area compared to the scene of the date of the incident." *Plaintiff's Objections to Report and Recommendation* at 3 (ECF No. 17) (emphasis added). However, Plaintiff had to present evidence to indicate whether Defendants had a reasonable opportunity to discover and remedy the condition *before* her fall. *See Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) ("temporal evidence best indicates whether the owner has a reasonable opportunity to discover and remedy a dangerous condition"). Plaintiff again rests on speculation and guesswork on how long Defendants had to discover the alleged dangerous condition. Plaintiff's objection on this issue is therefore overruled.

Lastly, this Court agrees that the condition was open and obvious. Plaintiff states she caught her foot on the display table as she came around the corner, and then "presumably she would be looking at merchandise." *Plaintiff's Objections to Report and Recommendation* at 4 (ECF No. 17). The Court need not presume if Plaintiff was looking at merchandise because Plaintiff testified she saw the display table. *See Report and Recommendation*, at 14 (ECF No. 16). Plaintiff objects to this testimony because the "edge of the display table was not so open and obvious . . . [and] the question, as worded, was referencing the entirety of the table." *Plaintiff's Objections to Report and Recommendation*, at 4 (ECF No. 17). Using "common sense," if one could see the entirety of the table, one could or should have seen the edge of the display and Plaintiff should have taken reasonable steps to avert harm. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 801 ("A landowner may be liable for an unreasonably dangerous condition, even if it is open and obvious, but not if a reasonable person would avert harm."); *Tex. A&M Univ. v. Boucher*, No. 10-17-00369-CV, 2018 Tex. App. LEXIS 8081, at *10 (Tex. App.—Waco Oct. 3, 2018, no pet.) (A sign in the middle of a public sidewalk, which plaintiff saw and had the opportunity to avoid, was open and obvious). The Court's review reveals that the summary judgment record supports this. This is not a case where the display table's legs were hidden. Instead, evidence shows the *whole* display table, including the display table legs, was a bright contrasting color from the carpet; enough to make a condition open and obvious. *See Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007) (a ramp with yellow stripping did not pose an unreasonable risk of harm); *Said v. Sugar Creek Country Club, Inc.*, No. 14-17-00079-CV, 2018 WL 4177859, at *3, 2018 Tex. App. LEXIS 7256, at *10–11, n.2 (Tex. App.—Houston [14th Dist.] Aug. 31, 2018, pet. denied) (mem. op.) (curb marked with red paint and visible to pedestrians and plaintiff, did not pose an unreasonable risk of harm).

Additionally, "a condition is not unreasonably dangerous simply because it is not foolproof." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006). This is because "[t]he duty a premises owner owes to its invitees is not that of an insurer." *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162–

63 (Tex. 2006) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000)). Summary judgment evidence indicates that Plaintiff saw the display table and should have taken reasonable precaution to avoid it. Therefore, Plaintiff's objection is overruled. *See Parker Food Stores, Inc. v. Pierce*, 374 S.W.2d 699, 704 (Fort Worth Civ. App., 1964, writ ref., n.r.e.) (quoting *Steele v. Slade*, 353 S.W.2d 329, 330 (Tex. Civ. App.—Waco 1962, writ ref'd)) ("Where the condition is open and obvious, is easily perceptible to the invitee, and there is no hidden defect, it is held no fact issue is raised.").

For the reasons set forth above, Plaintiff's objections related to her premises liability claim are overruled. Plaintiff does not object to the magistrate judge's recommendation on her negligent activity claim. The Court accordingly agrees with the magistrate judge's findings. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 11) is **GRANTED**. It is therefore **ORDERED** that the Report and Recommendation (ECF No. 16) is **ADOPTED**. The Court further **ORDERS** that the Plaintiff's claims are **DISMISSED**, in their entirety, with prejudice. The Court will enter final judgment separately.

**SIGNED** this the 14 day of **October, 2020.**

_____
Thad Heartfield
United States District Judge